UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JIMIL MUHAMMED SHEIKH,

     Plaintiff,

v.                                       Case No:  6:13-cv-1526-Orl-36TBS

CITY OF DELTONA, THE DELTONA
CITY COMMISSIONERS, MAYOR OF
THE CITY OF DELTONA, CYRUS
BUTTS, DALE BAKER, MICHAEL F.
MOREA, ENVIRONMENTAL LAND
SERVICES OF FLAGLER COUNTY,
INC., KATHY FIDLER and PATRICK
HOAG,

     Defendants.

_____

## ORDER

Pending before the Court is Plaintiff's Verified Motion for Recusal of United States Magistrate Judge Thomas B. Smith. (Doc. 21). Upon due consideration, the motion is **denied**.

## Background

On October 2, 2013, after failed negotiation attempts, Plaintiff filed an action in federal court against Defendants for the 2011 "wrongful demolition" of his house by the City of Deltona. (Doc. 1). Plaintiff's original complaint consisted of 40 pages of allegations, over 450 pages of exhibits, and 20 counts. On October 23, he amended his complaint, and added two more counts. (Doc. 3). Plaintiff did not attach any exhibits to his amended complaint; but, the amended complaint referenced the exhibits attached to his original complaint. On November 12, 2013, Plaintiff filed a second amended complaint in which he reasserts the following causes of action: [Class of One] Equal

Protection (Count 1), Negligent Infliction of Emotional Distress (Count 2), Malice-In-Law (Count 3), Inverse Condemnation (United States Constitution) (Count 4), Inverse Condemnation (Florida Constitution) (Count 5), Taking Under Bert J. Harris (Count 6), Defamation of Character Libel/Slander (Count 7), Failure to Allow Time to Repair (Count 8), Negligence (Count 9), Unjust Enrichment/Quantum Meruit (Count 10), Common Law Trespass (Count 11), Abuse of Process (Count 12), Violation of Procedural Due Process 42 USC 1983 and Right to a Fair and Impartial Forum (Count 13), Violation of Property and Fundamental Rights (Count 14), Violation of Section 42 U.S.C. 1983 of the Civil Rights Act (Count 15), Common Law Trespass (Count 16), Third Party Bad Faith Negotiations (Count 17), Conspiracy Against Rights (Count 18), and [Class of One] Equal Protection (Count 19).   (Doc. 7)

The only difference between Plaintiff's amended complaint and his second amended complaint is that he abandoned his claim for declaratory relief (Doc. 3 at 43-44) and removed the names of two defendants (Dale Baker and Cyrus Butts) from paragraphs that contain the allegations specific to the individual counts.   Like his first amendment, Plaintiff did not attach any exhibits to the second amended complaint, but instead referenced the exhibits attached to his original filing.

This case involves a dispute over the 2011 demolition of Plaintiff's house by the City of Deltona (the "City").   Plaintiff purchased the property in 2001.   (Doc. 7 at 5).   In 2004, he obtained an $81,000 line of credit from Bank of America secured by a mortgage on the property.   (Id. at 7).   Plaintiff decided to build an addition onto the house and, in May 2007, he obtained the appropriate building permits from the City. (Id. at 8).   He sought and obtained a permit extension and revised permit from the City in August 2008. (Id. at 8).   In April 2009, Plaintiff applied for another revised permit, which the City

denied.   (Id.).   During construction, Plaintiff, his now-ex-wife, and his children continued to live in the house.   (Id. at 8-9).

In late December 2009, a Volusia County sheriff's deputy responded to a domestic dispute between Plaintiff and his ex-wife.   (Id. at 8).   Concerned about the living conditions at the house, the officer contacted the City and the Department of Children and Family Services ("DCFS").   (Id. at 8-9).   On December 27, 2009, DCFS and the Deltona Fire Department inspected the home.   (Id.).   Three days later, City Building Official Cy Butts sent Plaintiff a letter declaring the premises unsafe and ordering Plaintiff and his family to evacuate within 24 hours.   (Doc. 1-2 at 49-53).   Butts determined that the dwelling fell short of building code requirements in ten different areas, including deficiencies in electricity, plumbing, exterior walls, the attic, accumulation of rubbish, and pest infestation.   (Doc. 1-2 at 49-53).

After receiving the letter, Plaintiff met with Butts and promised that he would re-submit the rejected April 2009 revision and complete the project by July 2010.   (Doc. 1-6 at 14, 35).   A series of setbacks prevented Plaintiff from doing so.   In early January, sheriff's deputies monitored the residence to ensure compliance with the evacuation order; Plaintiff found their activities intimidating and alleges that they prevented him from completing construction.   (Doc. 7 at 10; Doc. 1-5 at 1-7).   Later that month, Bank of America suspended Plaintiff's line of credit.   (Doc. 7 at 10). Then, in May, Plaintiff was arrested on allegedly frivolous charges.   (Doc. 1-6 at 41).   As a result of these setbacks, he was unable to continue construction and, since March 2010, has not even visited the property. (Doc. 1-6 at 13).

The City responded to the lack of progress on Plaintiff's house by slating it for demolition.   On November 18 and December 17, Butts sent letters by certified mail

addressed to "Mr. Jimil Sheikh, 1126 Alladin Drive, Deltona, FL 32725" notifying Plaintiff of the City's intent to demolish the structure.   (Doc. 7 at 13; Doc. 1-6 at 31, 35-37).   Both letters were returned marked undeliverable.   (Doc. 7 at 13; Doc. 1-6 at 32-34).   The first letter stated that Plaintiff had not completed agreed-upon corrective actions and declared Plaintiff's permit "invalid and void" due to "inactivity and abandonment."   (Doc. 1-6 at 35). It also explained the process by which Plaintiff could appeal the City's decision. (Doc. 1-6 at 36-37).   The second letter stated that in addition to mailing the initial notice of intent to demolish, the City also posted notice at the property.   (Doc. 1-6 at 31).   Minutes from a February 21, 2011 City Council meeting and a lien the City recorded for the cost of demolition also show that the City posted notice on Plaintiff's property.   (Doc. 1-5 at 12; Doc. 1-8 at 7).   In early October, Environmental Land Services of Flagler County demolished the structure pursuant to a contract with the City. (Doc. 7 at 15-16).   Plaintiff says he did not learn of the City's intention to demolish the structure until a friend called him in late November or early December 2011 and told him the house was gone.   (Id. at 16).

Plaintiff faults the City for not doing more to locate him before destroying the house.   He says that in July 2010, he lived at 120 W Lake Victoria Circle in Deland, Florida, which was "[e]asily [i]dentifiable" from "[public court] records." (Id. at 15-16). Finally, Plaintiff suggests that officers could have notified his ex-wife.   (Id. at 15).

On October 29, 2013, I recommended that the court deny Plaintiff's *in forma pauperis* motion, dismiss this case without prejudice, and give him 21 days leave to amend.   (Doc. 4).   The district court adopted the Report and Recommendation and dismissed Plaintiff's complaint.   (Doc. 11). On November 12, 2013, Plaintiff renewed his motion to proceed *in forma pauperis* and filed a second amended complaint. (Docs. 7-8).

Plaintiff's renewed *in forma pauperis* motion was referred to me on January 22, 2014 and on February 3, 2014, I recommended that it be denied and the case be dismissed.   (Doc. 18).   Plaintiff objects to my findings (Doc. 19) and the matter is currently pending before the district judge.   Now, Plaintiff moves to recuse the district and magistrate judges that preside over this case.   (Docs. 20 and 21).

## Legal Standard

The standard for the disqualification of federal judges is found in Title 28, United States Code, Section 455.   This statute instructs that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).   The statute also provides that:

(b) He shall also disqualify himself in the following circumstances:

(1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2)   Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3)   Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4)   He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5)   He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i)   Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

28 U.S.C. § 455(b)-(f).

Section 455 is evaluated from the perspective of an objective, disinterested, lay person. Strickland v. Chase Bank USA Nat. Ass'n, No 1:08-cv-3270-WSD, 2010 WL 298798, at *1 (N.D. Ga. Jan. 19, 2010); United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir.1993). "To warrant recusal or disqualification, any bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." Strickland, 2010 WL 298798, at *1 (quoting McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir.1990)) (internal quotation omitted).

"[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added). Also, "judicial rulings, routine trial administration efforts, and ordinary admonishments are insufficient to require a judge's recusal." Strickland, 2010 WL 298798, at *1; Liteky, 510 U.S. at 556.

To satisfy the requirements of Section 455, a movant "must offer facts, and not merely allegations, that evidence partiality." Strickland, 2010 WL 298798, at *1; United States v. Cerceda, 188 F.3d 1291, 1292 (11th Cir. 1999) ("[A] charge of partiality must be supported by some factual basis . . . Recusal cannot be based on 'unsupported irrational

or highly tenuous speculation'.") (quoting <u>In re United States</u>, 666 F.2d 690, 694 (1st Cir. 1981)); <u>Weatherhead v. Globe Intern., Inc.</u>, 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true").

Title 28, United States Code, Section 144 requires the party alleging judicial bias to file an affidavit stating that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."   The statute requires that the affidavit "state the **facts and the reasons** for the belief that bias or prejudice exists," and shall only be filed once in a case.   28 U.S.C. § 144 (emphasis added).

Discussion

Plaintiff argues that District Court Judge Honeywell is biased against him because she previously worked for the City of Tampa, which is a municipality like Defendant City of Deltona.   (Doc. 21 at 2).[1]   Plaintiff seeks my recusal because he fears that I am loyal to District Judge Honeywell, and by extension, Defendant City of Deltona.   (<u>Id.</u>).   Plaintiff also expresses concern that his status as a pro se litigant puts him at a disadvantage before the Court because he is unable to provide the presiding judges with any "kick-backs" or bribes to curry favor in this case.   (<u>Id.</u>).

Plaintiff's arguments are legally insufficient and a waste of this Court's resources. His motion is nothing more than a hollow attempt to mask disagreement with the Court's findings as genuine concern for impartiality and fairness.   Plaintiff has failed to offer any facts or reasons (in proper affidavit or other form) to substantiate his concerns. He has not alleged that I have a personal bias for or against any party or personal knowledge of

---

[1]   Plaintiff has filed a separate motion that seeks Judge Honeywell's recusal. (Doc. 20).   That motion will be resolved by her chambers.

the disputed facts of the case; nor has he alleged that I represented any of the parties or expressed an opinion concerning the merits of this particular case outside of those opinions rendered in public court documents in my role as the magistrate judge assigned to the case. Plaintiff has failed to offer any facts to substantiate his claim that I am "loyal" to Judge Honeywell or any facts that would demonstrate that my loyalty causes me to blindly acquiesce to her desires and wishes concerning this case.

Plaintiff expressed a concern that I would be biased against him because he does not have the financial wherewithal to offer me a bribe, but he has not produced any evidence that I have been or would be influenced by a bribe or "kick-back" of any kind. No reasonable person fully informed of the facts of this case and the manner in which it has been handled by the Court would question my impartiality or allege that the threat of injustice exists.

Accordingly, Plaintiff's motion (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    *Pro se* Plaintiff
    Any Counsel of Record