UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JIMIL MUHAMMED SHEIKH,**

        **Plaintiff,**

v.                                        Case No:  6:13-cv-1526-Orl-36TBS

**CITY OF DELTONA, THE DELTONA CITY COMMISSIONERS, MAYOR OF THE CITY OF DELTONA, CYRUS BUTTS, DALE BAKER, MICHAEL F. MOREA, ENVIRONMENTAL LAND SERVICES OF FLAGLER COUNTY, INC., KATHY FIDLER and PATRICK HOAG,**

        **Defendants.**
_____/

**O R D E R**

This matter comes before the Court upon the Plaintiff's Verified Motion for Recusal of Judge Charlene Edwards Honeywell (Doc. 20), filed on February 13, 2014.  In the motion, Plaintiff alleges that he reasonably fears the undersigned is biased against him because I previously worked for the City of Tampa, a municipality, like Defendant City of Deltona.  The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Verified Motion for Recusal of Judge Charlene Edwards Honeywell.

Plaintiff has filed a second amended complaint in which he asserts nineteen causes of action based on a dispute over the October 2011 demolition of his house by the City of Deltona (Doc. 7).  Plaintiff alleges that he did not learn of the demolition of his house until a friend called and told him that the house was gone. *Id*.  Plaintiff faults the City of Deltona for not doing more to locate him before destroying the house.  *Id*.  Plaintiff now moves for disqualification pursuant to 28 U.S.C. § 455, asserting that he is well within the "Belief that this Honorable Judge is Biased

because of Her Loyalty to The City of Tampa a Municipality that is Likewise the Defendant in this case which is also a Municipality." (Doc. 20, p. 2).  Plaintiff also indicates that he is disadvantaged in these proceedings because he is a *pro se* litigant and is unable to provide the presiding judges with any kickbacks or bribes. *Id*.

## DISCUSSION

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The grounds for disqualifying a judge must be evaluated objectively–the standard is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned. *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000).  To satisfy the requirements of Section 455, a movant "must offer facts, and not merely allegations, that evidence partiality." *Strickland v. Chase Bank USA Nat. Ass'n*, 2010 WL 298798, at *2 (N.D. Ga. Jan. 19, 2010); *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999) (charge of partiality must be supported by some factual basis and not on unsupported irrational or highly tenuous speculation).  "Section 455(a), however, must not be construed so broadly that it becomes presumptive [or mandates] . . . upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) (citing *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986)).  Judicial rulings and routine trial administration efforts are insufficient to require a judge's recusal. *Strickland*, 2010 WL 298798, at *1.

The arguments asserted by Plaintiff for disqualification are legally insufficient.  Plaintiff has failed to offer facts that evidence partiality. Instead, Plaintiff's allegations constitute highly tenuous speculation. While it is true that the undersigned previously worked for the City of Tampa,

2

that employment ended in 1994, twenty years ago. Moreover, the City of Tampa is not a party to this case. Quite simply, Plaintiff has not identified any actions by the undersigned that would indicate partiality in favor of the City of Deltona or any other party to this litigation. The undersigned has no personal bias or prejudice concerning any party in this case.

Likewise, Plaintiff has failed to offer facts or evidence to suggest that the undersigned has taken kickbacks or bribes or would be influenced by kickbacks or bribes. All parties appear before the Court on equal standing, without regard to their financial abilities. Plaintiff's Verified Motion for Recusal is without merit and will be denied.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Verified Motion for Recusal of Judge Charlene Edwards Honeywell (Doc. 20) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 11, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any