# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JIMIL MUHAMMED SHEIKH,**

    **Plaintiff,**

**v.**                **Case No: 6:13-cv-1526-Orl-36TBS**

**CITY OF DELTONA, THE DELTONA
CITY COMMISSIONERS, MAYOR OF
THE CITY OF DELTONA, CYRUS
BUTTS, DALE BAKER, MICHAEL F.
MOREA, ENVIRONMENTAL LAND
SERVICES OF FLAGLER COUNTY,
INC., KATHY FIDLER and PATRICK
HOAG,**

    **Defendants.**

_____

## <u>ORDER</u>

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. Smith, filed on February 3, 2014 (Doc. 18). In the Report and Recommendation, Magistrate Judge Smith recommends that *pro se* Plaintiff Jimil Muhammed Sheikh's ("Plaintiff") Renewed Motion for Leave to Proceed *In Forma Pauperis* (Doc. 8) be denied and the case be dismissed with prejudice. *See* Doc. 18. On February 13, 2014, Plaintiff filed a Notice of Objection to the Report and Recommendation ("Objection") (Doc. 19). As such, this matter is ripe for review.

## I.  BACKGROUND

This action arises from the demolition of Plaintiff's house by Defendant City of Deltona (the "City") in 2011. *See* Doc. 7. On October 2, 2013, Plaintiff filed a Complaint in this Court against various Defendants, asserting numerous federal and state law claims. *See* Doc. 1. The Complaint was accompanied by Plaintiff's motion to proceed *in forma pauperis*. *See* Doc. 2. On

October 23, 2013, Plaintiff filed an Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1).  *See* Doc. 3.

On October 29, 2013, Magistrate Judge Smith entered a Report and Recommendation recommending that Plaintiff's motion to proceed *in forma pauperis* be denied and the case be dismissed without prejudice for failure to state a claim upon which relief could be granted.  *See* Doc. 4.  Before this Court could enter an order on the Report and Recommendation, Plaintiff filed a Second Amended Complaint, which is substantially identical to the Amended Complaint and asserts claims arising under the Equal Protection Clause, the Takings Clause, the substantive and procedural components of the Due Process Clause, and the federal conspiracy statute, as well as various state law claims.  *See* Doc. 7.  The Second Amended Complaint was accompanied by the Renewed Motion for Leave to Proceed *In Forma Pauperis* and an unsigned Notice of Objection to the Report and Recommendation.  *See* Docs. 8, 9.

On January 16, 2014, the Court entered an Order adopting the Report and Recommendation, denying Plaintiff's original motion to proceed *in forma pauperis*, and dismissing the original Complaint and the Amended Complaint without prejudice.  *See* Doc. 11. However, the Court accepted the Second Amended Complaint as the operative pleading.  *See id.*[1]

On February 3, 2014, Magistrate Judge Smith entered a Report and Recommendation recommending that Plaintiff's Renewed Motion for Leave to Proceed *In Forma Pauperis* be denied and the case be dismissed, without leave to amend, for failure to state a claim upon which relief could be granted.  *See* Doc. 18.  The instant Objection followed.  *See* Doc. 19.  After the Objection

---

[1] After the Court entered its Order adopting the Report and Recommendation, Plaintiff filed numerous motions objecting to the Order, *see* Docs. 12–17, each of which is without merit and disposed of at the end of this Order.

was filed, however, Plaintiff filed motions to recuse the Magistrate Judge and the undersigned, both of which were denied.  *See* Docs. 20–23.

## II.      STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72.  The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id*.

## III.      DISCUSSION

Plaintiff's meandering Objection is mostly a rehash of his previous filings.   In his Objection, Plaintiff makes the same accusations of judicial bias that he made in his motions to recuse the Magistrate Judge and the undersigned.  Doc. 19 at 3.  As the Magistrate Judge and the undersigned have previously explained, these accusations are completely without merit.  *See* Docs. 22, 23.

Plaintiff also complains that if this action is dismissed, he cannot get a fair hearing of his claims in state court, because he has brought actions against various state court judges.  Doc. 19 at 3–4, 10–11.  However, it is not this Court's responsibility to determine whether said judges are biased.  Rather, this Court must simply decide whether the Second Amended Complaint states plausible claims for relief.

Plaintiff takes issue with numerous factual statements in the Report and Recommendation. *Id.* at 4–5.  However, none of these supposed factual inaccuracies has any bearing on the issues as determined by the Magistrate Judge.

Turning to specific legal objections, Plaintiff asserts that the Magistrate Judge incorrectly determined that the City's demolition of his house was not a "taking" for purposes of his claim under the Takings Clause.  *Id.* at 5–6.  The Magistrate Judge, however, did not conclude that there was no taking.  Rather, the Magistrate Judge stated that it was "questionable" whether the City's action constituted a taking, and, even if there was a taking, Plaintiff's claim was not yet ripe because he had not pursued state law procedures for seeking just compensation.  Doc. 18 at 8.  Plaintiff complains that he cannot utilize Florida's procedures for seeking just compensation because, once again, the state court judges are biased against him, *see* Doc. 19 at 6, but the Court has already explained that such a contention is of no moment.

As to Plaintiff's procedural due process claim, Plaintiff asserts that the City should have contacted his bank and searched certain public records to obtain his most recent address before demolishing his house.  *Id.* at 6–9.  However, the Magistrate Judge has already rejected this argument, *see* Doc. 18 at 13–14, and the Court sees no error.

As to Plaintiff's claim under the federal conspiracy statute, 42 U.S.C. § 1985(3), Plaintiff's objection rehashes his factual allegations.  Doc. 19 at 9–10.  However, as the Magistrate Judge correctly noted, Plaintiff's conspiracy claim relies on an alleged violation of state law.  Doc. 18 at 14.  Section 1985(3) only provides a cause of action for a conspiracy to commit a violation of *federal* rights.  *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979).  Accordingly, Plaintiff's objection on this point is without merit.

Finally, the Magistrate Judge did not err in recommending dismissal of Plaintiff's state law claims, as all federal law claims in this case will be dismissed.  *See* 28 U.S.C. § 1367(c)(3). Moreover, because Plaintiff failed to correct the pleading deficiencies in the original Complaint and the Amended Complaint, and because leave to amend would be futile, the Court agrees that this case should be dismissed with prejudice.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.    The Report and Recommendation of the Magistrate Judge (Doc. 18) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2.    Plaintiff's Renewed Motion for Leave to Proceed *In Forma Pauperis* (Doc. 8) is **DENIED**.

3.    Plaintiff's Second Amended Complaint (Doc. 7) is **DISMISSED with prejudice**.

4.    Plaintiff's Motion to Stay Order of January 16, 2014 (Doc. 12), which the Court construes as a motion to vacate its January 16, 2014 Order, is **DENIED**, as Plaintiff has failed to provide any viable basis for vacatur of that Order.

5.    Plaintiff's Motion for Clarification of the Court's January 16, 2014 Order (Doc. 13) is **DENIED**, as the Court's Order made clear that the case was proceeding on the Second Amended Complaint.

6.    Plaintiff's Motion to Vacate the Court's January 16, 2014 Order (Doc. 14) is **DENIED**, as Plaintiff has failed to provide any viable basis for vacatur of that Order.

7.    Plaintiff's Motion to Reinstate Affidavit of Indigency and to Vacate the Court's January 16, 2014 Order (Doc. 15) is **DENIED**, as the document that the Court

deemed to be a Renewed Motion for Leave to Proceed *In Forma Pauperis* requested that Plaintiff be permitted to proceed *in forma pauperis*.

8.     Plaintiff's Notice of Preservation of Plaintiff's Right to Appeal Order of January 16, 2014 and Motion to Vacate the Court's January 16, 2014 Order (Doc. 16) is **DENIED** to the extent it moves the Court to vacate its January 16, 2014 Order, as Plaintiff has failed to provide any viable basis for vacatur of that Order.

9.     Plaintiff's Motion to Produce Plaintiff's Original Filed Notice of Objection to Magistrate's Finding Dated November 12, 2013 (Doc. 17) is **DENIED**, as the Court record contains no signed objection to the October 29, 2013 Report and Recommendation.

10.    The Clerk is directed to terminate any pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Thomas B. Smith